UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CARRIE PLATT, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 3:05-0162 |
| WALGREEN INCOME PROTECTION | ) JUDGE ECHOLS |
| PLAN FOR STORE MANAGERS and | ) |
| METROPOLITAN LIFE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Pending before the Court are Plaintiff's Motion For An Amended Judgment (Docket Entry No. 49) and Plaintiff's Motion For Attorneys' Fees (Docket Entry No. 51), to which Defendants have responded in opposition.

### I. Plaintiff's Motion For An Amended Judgment

Plaintiff Carrie Platt brought this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, seeking judicial review of Metropolitan Life Insurance Company's decision to terminate her long-term disability benefits under the Walgreen Income Protection Plan for Store Managers ("the Plan"). The Court found that a close question was presented, but concluded that Defendant acted arbitrarily and capriciously when it made the decision to terminate Plaintiff's long-term disability benefits. The Court remanded the matter to the Defendant to conduct an

1

independent medical examination and/or a functional capacity evaluation of the Plaintiff.

Under Federal Rule of Civil Procedure 59(e), Plaintiff now timely seeks amendment of the Court's final judgment. The Plaintiff asks the Court to order Defendant to pay back disability benefits through the date of judgment rather than remand this matter to the Defendant. Plaintiff contends that a remand is an inappropriate remedy.

To the contrary, the Sixth Circuit has approved of a remand in an ERISA action to permit the evaluation of additional medical evidence where it is unclear that benefits should be awarded. See Smith v. Continental Cas. Co., 450 F.3d 253, 265 (6th Cir. 2006); Williams v. International Paper Co., 227 F.3d 706, 715 (6th Cir. 2000); Elliott v. Metropolitan Life Ins. Co., 2006 WL 3314559 at *7-8 (6th Cir. 2006) (unpublished). In fact, remand, rather than an award of benefits, is more appropriate where a court determines that additional evidence should be considered and it is not "'so clear cut that it would be unreasonable for the plan administrator to deny the application for benefits on any ground.'" Quinn v. Blue Cross & Blue Shield Ass'n, 161 F.3d 472, 477 (7th Cir. 1998) (quoted case omitted); Miller v. United Welfare Fund, 72 F.3d 1066, 1071 (2d Cir. 1995). The plan administrator should consider any expansion of the record, not the district court. Perry v. Simplicity Eng'q, 9090 F.2d 963, 966 (6th Cir. 1990).

2

Plaintiff also asks the Court to explain what procedural process should be followed on remand. The Court sees no reason to provide what would be essentially an advisory opinion on how this case should be resolved administratively on remand. The Court notes that the ERISA plan itself provides procedures to be followed in filing and appealing claims. (Docket Entry No. 7, Administrative Record, Summary Plan Description at 0022-0025.) Moreover, the parties are represented by counsel who are well-educated in the applicability of federal statutes, regulations, and cases which govern ERISA claims. The Court presumes that counsel will be able to identify and follow on remand a procedural process which will promptly give Plaintiff the full and fair review she is entitled to receive, as ordered in the Court's previous Memorandum and Order. See Donnelly v. Guarantee Mut. Life Co., 181 F.3d 100 (Table), 1999 WL 313896 at *2 n.2 (6th Cir. 1999) (citing Perry for proposition that Congress did not intend for district courts to function as substitute plan administrators).

Accordingly, the Court concludes that it properly ordered a remand in this case. Plaintiff's Motion For An Amended Judgment will be denied.

## II. Plaintiff's Motion For Attorney's Fees

The Court may award attorney's fees in its discretion. 29 U.S.C. § 1132(g). The Court must consider five factors: "(1) the degree of the opposing party's culpability or bad faith; (2) the

3

opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions." Schwartz v. Gregori, 160 F.3d 1116, 1119 (6th Cir. 1998).

As to the first factor, Plaintiff concedes that Defendant did not act in bad faith in denying her claim for long-term disability benefits, but she contends that Defendant acted in a highly culpable manner. The Court does not agree with Plaintiff's assessment. The Court found that a close question was presented in this case, and the Court ultimately opted to remand the matter to the Defendant for further consideration of medical evidence. While the Court ruled that Defendant should have requested and considered the results of an independent medical examination and/or functional capacity evaluation of the Plaintiff, particularly when its own consulting physician suggested such an approach, the Court declines to now hold that Defendant acted in a "highly culpable" manner such that an award of attorney's fees would be appropriate at this stage. On remand, upon completion of an independent medical examination and/or functional capacity evaluation, Defendant may determine that Plaintiff is not entitled to long-term disability benefits. This factor does not weigh in Plaintiff's favor.

4

With regard to the second factor, there is little question that Defendant, a national insurance company, could satisfy any fee award. However, this factor is "weighed more for exclusionary than for inclusionary purposes." Gribble v. Cigna HealthPlan of Tennessee, Inc., 36 F.3d 1097 (Table), 1994 WL 514529 at *4 (6th Cir. 1994).

Third, the Court finds that an award of fees would not act as a deterrent to other employers under similar circumstances given that Defendant did not necessarily act in bad faith. Fourth, Plaintiff did not seek to confer a common benefit on other participants in the Walgreen's ERISA plan, nor did this lawsuit seek to resolve significant ERISA legal questions. Plaintiff admits that the suit was brought only on her own behalf in an effort to obtain long-term disability benefits.

Finally, the Court agrees that the fifth factor weighs more favorably for Plaintiff in that the Court determined Defendant's decision to deny long-term disability benefits could not withstand arbitrary and capricious review. However, this factor alone does not carry sufficient weight to convince the Court that an award of attorney's fees is appropriate. The Court remanded the matter so that further medical evidence could be obtained and evaluated. The Court did not rule on the merits of Plaintiff's disability claim. There has been no determination that Plaintiff is entitled to long-term disability benefits. Thus, it is premature to award

attorney's fees in Plaintiff's favor at this time.  See <u>Schwartz</u>, 160 F.3d at 1119-1121; <u>Ravesloot v. Administrative Committee of Baxter Int'l, Inc.</u>, 2004 WL 1427101 at *7 (N.D. Ill. 2004); <u>Davis v. E.I. DuPont De Nemours and Co.</u>, 176 F.R.D. 224, 227 (W.D. Va. 1997).  The Court will deny Plaintiff's motion without prejudice to Plaintiff's re-filing of a motion for attorney's fees if she ultimately prevails in this Court on her disability claim.

### III. CONCLUSION

For all of the reasons stated, the Court determines that Plaintiff's Motion For An Amended Judgment (Docket Entry No. 49) and Plaintiff's Motion For Attorney's Fees (Docket Entry No. 51) will be denied.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE